UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **CARSON HAMILTON** | § | |
| Plaintiff, | § | CIVIL ACTION NO. 7:20-CV-199 |
| vs. | § | |
| | § | |
| **GEMINI MOTOR TRANSPORT, L.P.** | § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Carson Hamilton ("Plaintiff") files this Original Complaint against Gemini Motor Transport ("Gemini" or "Defendant"), and respectfully shows as follows:

### I. PRELIMINARY STATEMENT

1. Carson Hamilton worked for Gemini as a salaried employee from approximately November of 2018 until June of 2020. Plaintiff never received overtime pay for his hours worked over 40 in a given workweek. During his time with Defendant, Plaintiff typically worked 100 hours per week. Plaintiff worked in Texas and New Mexico. Yet Plaintiff did not receive any additional compensation for the hours worked above 40 in a week, and thus Defendant denied him overtime pay in violation of federal and New Mexico law.

2. Plaintiff brings this lawsuit to recover overtime compensation and all other available remedies under the Fair Labor Standards Act, 29 U.S.C. 201 et. seq. (the "FLSA") and the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) (the "NMMWA").

3. Defendant willfully committed widespread violations of the FLSA and the NMMWA, by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

## II. PARTIES

4. Plaintiff is an individual residing in Texas.

5. Defendant Gemini is a foreign limited partnership, with its principle place of business in Oklahoma City, Oklahoma. Gemini can be served through its registered agent for service of process, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, or where found.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

7. This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in Texas and it has had continuous and systematic contacts with Texas and because there is a significant connection between the forum and the specific claims at issue in this case. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

9. At all relevant times, Defendant acted as the employer with respect to Plaintiff. Defendant was responsible for all decisions related to the wages to be paid to Plaintiff, the work to be performed by Plaintiff, the locations of work performed by Plaintiff, the hours to be worked by Plaintiff, and the compensation policies with respect to Plaintiff.

10. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

12. At all relevant times, Plaintiff was an employee for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

13. Gemini is a nationwide for-hire fuel, crude and speciality products carrier. Gemini became the primary carrier for Love's Travel Stops & Country Stores in 2001. Gemini operates more than 750 trucks and employs approximately 1,100 professional drivers. Gemini is headquartered in Oklahoma City, Oklahoma, and employs drivers across the United States, including parts in West Texas and New Mexico.

14. While employed as a "field supervisor" for Defendant, Plaintiff was not allowed to hire or fire individuals. Plaintiff was given little if any input regarding personnel matters, nor did he exercise significant discretion in performing his job duties. Rather, Plaintiff's primary duties were performing manual labor. Plaintiff, as part of his job duties, regularly drove, rode in and loaded vehicles with GVWRs of 10,000 pounds or less. Plaintiff was responsible for driving his F-150 across West Texas and New Mexico to deliver parts to trucks. Plaintiff was on call 24 hours a day, and regularly worked at least 12 hours per day, 7 days per week, without receiving overtime pay.

15. During Plaintiff's time with Defendant, Plaintiff was paid a salary based on hours worked of forty hours per week, without additional compensation for hours worked above forty in a week. While Plaintiff has not had the opportunity to conduct discovery, Plaintiff worked at least 100 hours per week. Plaintiff regularly traveled to New Mexico to perform his job duties. While Plaintiff was assigned to jobs in New Mexico, he regularly worked more than 40 hours in a week while there, often working 100 or more hours in a week. Thus, Defendant violated the FLSA and the NMMWA by failing to pay Plaintiff overtime for the time he worked over 40 hours in a given week.

16. No exemption excuses Defendant from paying Plaintiff overtime rates under the FLSA and/or the NMMWA.

17. Defendant failed to make a good faith effort to comply with the FLSA and the NMMWA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff is entitled to liquidated damages for such conduct.

18. Despite Plaintiff routinely working over 40 hours per week, Defendant failed to pay him an overtime premium at a rate of one-and-one-half times his regular rate for all hours worked in excess of 40 per workweek.

19. Plaintiff is entitled to receive overtime pay at a rate of one-and-one-half times his regular rate for all hours worked in excess of 40 per workweek.

20. Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to the FLSA and the NMMWA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action. Also, under the NMMWA, Plaintiff is entitled to recover treble damages.

## VI. CAUSES OF ACTION

### COUNT ONE - VIOLATIONS OF THE FLSA

21. The foregoing allegations are incorporated herein by reference.

22. Plaintiff was a non-exempt employee of Defendant.

23. Plaintiff is entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

24. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

25. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## COUNT TWO - VIOLATIONS OF THE NMMWA

26. The foregoing allegations are incorporated herein by reference.

27. Plaintiff is entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

28. Defendant violated the NMMWA by regularly and repeatedly failing to pay Plaintiff for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of income and other damages. Plaintiff is entitled to overtime pay for the entirety of his term with Defendant, treble damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees.

## VII. DESIGNATION OF EXPERT WITNESS

29. Plaintiff designates the following individual as an expert witness in this case:

> Josh Borsellino
> Borsellino, P.C.
> 1020 Macon Street, Ste. 15
> Fort Worth, Texas 76102
> T: 817.908.9861
> F: 817.394.2412

As permitted under the FLSA and NMMWA, Plaintiff seeks attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiff in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that on a final hearing, Plaintiff be awarded all relief requested herein, including:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Treble damages;

d. Attorney's fees, costs and expenses; and

e. Pre- and post-judgment interest at the highest rates allowed by law.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFF**